IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLYDE O'NEAL, #798308, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:07-CV-0987-N |
| | ) | ECF |
| GREG ABBOTT, | ) | |
|     Defendant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought by a state inmate pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is confined at the Skyview Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), in Rusk, Texas. Defendant is former Texas Attorney General Greg Abbott. The Court did not issue process in this case, pending preliminary screening. On July 30, 2007, the Court issued a questionnaire to Plaintiff who filed his answers on August 6, 2007.

Statement of Case: The complaint, as supplemented by the answers to the questionnaire, seeks protection from FBI agents, and to end Plaintiff's current confinement. Plaintiff explains that life within TDCJ-CID is dangerous, and that he is entitled to protection and release from

custody. (Complaint at 3-4 and Answer to Questions 3-4).

      <u>Findings and Conclusions</u>: The Court permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B) (applicable to all *in forma pauperis* actions).

      A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32 (1989). In *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733 (1992), the Supreme Court recognized that a court may dismiss a complaint as frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" The latter category encompasses claims which describe "fantastic or delusional" scenarios, or which "rise to the level of the irrational or the wholly incredible." *Id.* at 33, 112 S. Ct. at 1733.

      Insofar as Plaintiff seeks to sue Defendant Abbot for civil rights violations, his claims are factually frivolous. Plaintiff's allegations that Defendant "Greg Abbott lets 2 FBI Agents shoot me with lazors here at Skyview [Unit] and doesn't lock all the FBI [agents] up so may family will be safe" describe fantastic or delusional scenarios which are clearly irrational and incredible. (*see* Answer to Question 2). Moreover, Plaintiff's allegations are clearly time

barred. (*See* Complaint at 4). More than two years have elapsed since 1999 when the events alleged in the complaint occurred. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (in Texas, § 1983 actions are governed by the two-year personal injury limitations period, and court can raise affirmative defense of statute of limitations *sua sponte* in *in forma pauperis* actions); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon Supp. 2007). Therefore, Plaintiff's claims against Defendant Abbot should be dismissed with prejudice as frivolous. *See Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997).

Insofar as Plaintiff seeks release from his current confinement, his complaint is cognizable only in the context of a habeas corpus action pursuant to 28 U.S.C. § 2254. *See Hill v. McDonough*, ___ U.S. ___, 126 S. Ct. 2096, 2101 (2006), *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973); *Wilson v. Foti*, 832 F.2d 891, 892 (5th Cir. 1987) (Where a state prisoner attacks the duration of his confinement, "'the appropriate cause of action is a petition for habeas corpus, even though the facts of the complaint might otherwise be sufficient to state a claim under § 1983.'")); *see also Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (a petition for a writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (same). Prior to pursuing a request for habeas corpus relief in federal court, an inmate is required to exhaust all of his available state court remedies. *See* 28 U.S.C. § 2254(b); *Preiser*, 411 U.S. at 491.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be DISMISSED with prejudice as frivolous. *See* 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

It is further recommended that, insofar as Plaintiff requests release from confinement, the complaint be DISMISSED without prejudice to Plaintiff's right to refile as a petition for writ of habeas corpus, after exhausting state habeas corpus remedies. *See* 28 U.S.C. § 2254(b).

A copy of this recommendation will be mailed to Plaintiff.

Signed this 15th day of October, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.